UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAMEON DALEY** | CIVIL ACTION NO. 11-cv-2010 ~~2:07-cr-20028~~ |
| BOP #3558-017 | |
| | SECTION P |
| **VERSUS** | |
| | JUDGE MINALDI |
| **J. MICIELI, ET AL** | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* on November 10, 2011, by plaintiff Dameon Daley. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary, Lewisburg (USP-L), Pennsylvania. He complains of events that occurred when he was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Louisiana. He names the following as defendants herein: FCIO Warden Joe Young; FCIO Lieutenant J. Micieli; FCIO Captain G. Kizziah; and, FCIO Assistant Food Service Administrator Inouye.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Because it alleges civil rights violations by federal defendants, this action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

-2-

**STATEMENT OF THE CASE**

Plaintiff states that on the morning of December 22, 2009, defendant Micieli threatened to put him in a recreation cage with another inmate so that plaintiff would be attacked as punishment for his reporting Micieli's "illegal and policy violating actions to his superiors." Doc. 1, p. 3.  By early afternoon on the same day, plaintiff states that Micieli placed him in a recreation cage with inmate Wallace Mitchell who attacked him.  Plaintiff alleges that he sustained lacerations and bruises, as well as injuries to his head, face, neck, upper torso, and back.  *Id.*

Next, plaintiff states that from November 19, 2009, through July 19, 2010, defendants Young, Kizziah and Micieli refused to provide him with appropriate clothing for cold and rainy weather during his outdoor recreation activities.  As a result, plaintiff claims that he stood outside in the cold and rain for extended periods and suffered frostbite, hypothermia, chills, and colds.  *Id.* at p. 4.

Plaintiff further alleges that from November 19, 2009, through July 19, 2010, defendants Young, Kizziah, and Micieli forced him to live in unsafe and unsanitary conditions by refusing to provide him with "the tools and means necessary to clean and disinfectant [sic] his living quarters."  *Id.* at p. 5.  As a result, plaintiff claims that he got "rashes on his hands and between his fingers and was otherwise injured and suffered great pain of body and mind."  *Id.*

Plaintiff also claims that on March 28, 2010, defendants Kizziah and Micieli falsified documents and used the documents to authorize the suspension of his rights and privileges, and to punish him by placing him on a reduced calorie diet for seven days.  *Id.* at. p. 6.  He also claims that Kizziah and Micieli denied him the opportunity to advance through the "SMU program."  *Id.*

Plaintiff's final claims deal with meals at FCIO. He states that from March 28, 2010, through April 4, 2010, defendants Kizziah and Micieli denied him "adequate and proper nutrition by using the denial of food as a means of punishment." *Id.* Also, on these dates, plaintiff claims that defendants Young and Inouye denied him kosher meals thus forcing him to alter the practice of his religion and go without food. *Id.*

As a result of the above alleged constitutional violations, plaintiff seeks declaratory, compensatory, and punitive relief. *Id.* at p. 7.

## LAW AND ANALYSIS

### *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 4). Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to review and dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

According to the Fifth Circuit, in *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993), "where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are

barred by the applicable statute of limitations, those claims are properly dismissed …" The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Therefore, the court applies La. Civ. Code Ann. art. 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, plaintiff's causes of action with respect to his specific claims accrued no later than July 19, 2010, the date of plaintiff's last complained of incident. Plaintiff's complaint was signed on November 5, 2011, almost a year and four months after the date of the last alleged cause of action in this matter.

The court notes that plaintiff is not a stranger to filing lawsuits. In fact, from 2009 to 2011, exclusive of the present case, the published jurisprudence shows that he filed some fourteen (14) suits in multiple locations across the country. Plaintiff was certainly not impeded from pursuing his claims. Therefore, all of his civil rights claims are clearly untimely and are barred by the statute of limitations and, therefore, are frivolous as a matter of law.

## CONCLUSION

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as all of his civil rights claims are barred by the statute of limitations and, thus, are frivolous in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of July, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE