RECEIVED
IN LAKE CHARLES, LA.
OCT - 2 2013
TONY R. MOORE, CLERK
BY ______ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMEON DALEY** | * | **CIVIL ACTION NO. 11-CV-2010** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | **JUDGE MINALDI** |
| | * | |
| **J. MICIELI, ET AL.** | * | |
| | * | |
| **Defendant** | * | **MAGISTRATE JUDGE KAY** |

************************************************************************

**MEMORANDUM RULING**

The plaintiff herein filed a *Bivens*[1] action against several employees at the Federal Detention Center at Oakdale, Louisiana, where the plaintiff was formerly incarcerated.[2] Pursuant to the Report and Recommendation issued by the Magistrate Judge [Doc. 5], and considering the objections filed by the plaintiff [Doc. 6], the court dismissed the plaintiff's complaint with prejudice as being barred by the statute of limitations.[3] Before the court is the plaintiff's Motion to Alter or Amend Judgment [Doc. 9]. For the following reasons, the Motion is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

Seeking declaratory, compensatory, and injunctive relief, the plaintiff filed the instant action against J. Micieli, a lieutenant at Oakdale; G. Kizziah, a captain at Oakdale; I.P. Young, the warden of Oakdale; and someone listed in the complaint simply as "Inouye," a food administrator. In his complaint, the plaintiff makes a myriad of allegations forming the basis of his complaint, which were detailed by the magistrate judge in her Report and Recommendation

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] Compl. [Doc. 1], at ¶¶ 3-7.
[3] J. [Doc. 8].

[Doc. 5], and will not be repeated here in their entirety. Essentially, the plaintiff alleges a series of threats, intimidation, physical injuries, assaults and batteries at the hands of the defendants, as well as a number of allegations concerning the denial of food, and unsanitary and unhygienic living conditions while housed at Oakdale.[4]

The plaintiff's complaint was filed on November 10, 2011.[5] On July 13, 2012, the Report and Recommendations were issued, recommending that the complaint be dismissed. [Doc. 5, at 3-4]. The Recommendation was predicated upon the requirement of 28 U.S.C. § 1915(e)(2)(B), which directs a district court to dismiss an action if the action is determined to be frivolous, frivolousness being described as a complaint lacking an arguable basis in fact or law. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). The court reasoned that, as the statute of limitations in a § 1983 action is considered to be the forum state's personal injury limitations period, *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998), the statute of limitations for this action was one year from the date when the action accrued. *See* LA. CIV. CODE ANN. Art 3492. As the plaintiff's most recent specific claim occurred on July 19, 2010, and the plaintiff's complaint was signed on November 5, 2011, more than one year later, the court found that the case was time barred, and thus frivolous, in accordance with 28 U.S.C. § 1915(A)(b)(1).

The plaintiff timely filed objections [Doc. 6], and the court issued a Judgment [Doc. 8] adopting the Report and Recommendation, dismissing the plaintiff's claims. The plaintiff now brings a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Procedure 59(e).

---

[4] Compl. [Doc. 1], at ¶¶ 8-20.
[5] Compl. [Doc. 1].

## LAW & ANALYSIS

A district court has considerable discretion to grant or deny a Rule 59(e) motion to alter or amend a judgment. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Nevertheless, reconsideration is an "extraordinary remedy that should be used sparingly." *Id.* Courts may grant Rule 59(e) motions for a variety of reasons, including, but not limited to, when a judgment is "based upon a manifest error of fact or law . . . [or when] manifest injustice would otherwise result." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475-76 (M.D. La. 2002).

The plaintiff argues that the district court erred in not applying the doctrine of equitable tolling to his claims, thus applying an inappropriate analysis to the statute of limitations inquiry, resulting in a premature dismissal of his case.[6] Essentially, he argues that the one year statute of limitations did not commence to run until after the plaintiff had exhausted all administrative remedies available to him, as required by 42 U.S.C. § 1997e(a).[7]

"Because there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state." *Starks v. Unidentified Hollier*, 295 Fed. Appx. 664, 665 (5th Cir. 2008) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999)). In its previous ruling on this matter [Doc. 5], this court applied the one year statute of limitations of LA. CIV. CODE. ART. Ann. 3492. The court went on to note that, "[u]nder federal law, a § 1983 action accrues when plaintiff '. . .

---

[6] Br. in Supp. of Mot. to Alter or Amend J. [Doc. 10], at 4.

[7] "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" Report and Recommendation [Doc. 5], at 4 (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). However, this time period may be delayed under the principle of equitable tolling. *See, e.g.*, *Starks*, 295 Fed. Appx. at 665 (stating that "[t]he statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement.").

Federal courts apply both state and federal equitable tolling doctrines in determining whether a statute of limitations should be tolled. *Whitley v. Sherrod*, No. 1:10-cv-01921, U.S. Dist. LEXIS 185537, at *7 (W.D. La. Nov. 26, 2012) (citing *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)). In Louisiana, statutes of limitations are tolled when a plaintiff is "legally unable to act." *Id.* (citing *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999)).

> This occurs: (1) when courts are legally closed; (2) *when administrative or contractual restraints delay the plaintiff's action*; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action.

*Id.* (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)) (emphasis added). In *Bynum v. Stalder*, No. 07-cv-0764, U.S. Dist. LEXIS 63595 (W.D. La. 2007), the court found that the plaintiff therein, a prisoner pursuing *Bivens* claims, was "entitled to equitable tolling for the time spent exhausting the [Bureau of Prisons] administrative remedies." In *Harris*, the Fifth Circuit noted that the plaintiff therein "could not file [his] federal civil rights suit until he exhausted the available state administrative remedies, as section 1997e requires. This exhaustion requirement functioned as a 'legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action.'" *Harris*, 198 F.3d at 158 (citations omitted).

The Prison Litigation Reform Act [PLRA] was enacted to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "Requiring proper exhaustion serves all of these goals." *Id.*

Applying these principles to the instant case, the plaintiff's administrative remedies were not exhausted until he received his final reply denying relief from the Bureau of Prisons. These responses were dated January 3, 2011, and March 9, 2011. As such, the plaintiff's one year statute of limitations did not begin to run until March 9, 2011. As the plaintiff filed suit on November 10, 2011, the suit was improperly dismissed, as the limitations period should have been tolled while the plaintiff sought to exhaust all administrative remedies available to him. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Alter or Amend Judgment [Doc. 9] is hereby **GRANTED**, and the Judgment previously dismissing the plaintiff's claims as untimely is hereby **VACATED**.

Lake Charles, Louisiana, this 2 day of Oct, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE