UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DAMEON DALEY                                    CIVIL ACTION NO. 2:11-cv-2010
         BOP #3558-017
                                               SECTION P
VERSUS
                                               JUDGE MINALDI

J. MICIELI, ET AL                              MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed *in forma pauperis* on November 10, 2011, by plaintiff Dameon Daley.  At the time of filing, plaintiff was an inmate in the custody of the Federal Bureau of Prisons (BOP).  Plaintiff has now been released.  Plaintiff complains of events that occurred when he was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Louisiana.  He names as defendants FCIO Warden Joe Young, FCIO Lieutenant J. Micieli, FCIO Captin G. Kizziah, and FCIO Assistant Food Service Administrator Inouye.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Because it alleges civil rights violations by federal defendants, this action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

**Background**

Plaintiff alleges that on the morning of December 22, 2009, defendant Micieli threatened to put him in a recreation cage with another inmate so that plaintiff would be attacked as punishment for reporting Micieli's "illegal and policy violating actions to his superiors."  Doc. 1, p. 3.  By early afternoon on the same day, plaintiff states that Micieli placed him in a recreation cage with inmate Wallace Mitchell who attacked him.   Plaintiff alleges that he sustained lacerations and bruises, as well as injuries to his head, face, neck, upper torso, and back.  *Id.*

Next plaintiff states that from November 19, 2009, through July 19, 2010, defendants Young, Kizziah and Micieli refused to provide him with appropriate clothing for cold and rainy weather during his outdoor recreation activities.   As a result, plaintiff claims that he stood outside in the cold and rain for extended periods and suffered frostbite, hypothermia, chills, and colds.  *Id.* at p. 4.

Plaintiff further alleges that from November 19, 2009, through July 19, 2010, defendants Young, Kizziah, and Micieli forced him to live in unsafe and unsanitary conditions by refusing to provide him with "the tools and means necessary to clean and disinfectant [sic] his living quarters."  *Id.* at p. 5.  As a result, plaintiff claims that he got "rashes on his hands and between his fingers and was otherwise injured and suffered great pain of body and mind."  *Id.*.

Plaintiff also claims that on March 28, 2010, defendants Kizziah and Micieli falsified documents and used the documents to authorize the suspension of his rights and privileges, and to punish him by placing him on a reduced calorie diet for seven days.  *Id.* at p. 6.  He also claims that Kizziah and Micieli denied him the opportunity to advance through the "SMU program."  *Id.*

Plaintiff's final claims deal with meals at FCIO.  He states that from March 28, 2010, through April 4, 2010, defendants Kizziah and Micieli denied him "adequate and proper nutrition by using the denial of food as a means of punishment."  *Id.*  Also on these dates, plaintiff claims that defendants Young and Inouye denied him kosher meals thus forcing him to alter the practice of his religion and go without food.  *Id.*

As a result of the above alleged constitutional violations, plaintiff seeks declaratory, compensatory, and punitive relief.  *Id.* at p. 7.

### Law and Analysis

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

According to the Fifth Circuit, a *Bivens* action is analogous to an action under § 1983 and the analysis pursuant to § 1983 action applies to a *Bivens* action.  *Izen v. Catalina*, 398 F.3d 363,

367, n. 3 (5th Cir.2005).  Section 1983 and *Bivens* proscribe conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  Thus, an initial inquiry in this lawsuit is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable *Bivens* claim.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

## I.      Plaintiff's Claims

### A. Eighth Amendment Violations

Eighth Amendment violations, as alleged by plaintiff herein, embody both a subjective and an objective component.  The objective requirement necessitates that the inmate allege a sufficiently serious deprivation.  *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  "Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation" *Id.* (*quoting*, *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).  While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, as well as adequate medical care, and protection from physical abuse by other inmates. *See Wilson*, 452 U.S. at 303, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L .Ed. 2d 251 (1976), *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994).

The subjective component requires that a prison official act with a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.  A prison official's culpability is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or

safety.  *Farmer,* 511 U.S. at 837.  Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and []that they actually drew an inference that such potential for harm existed."  *Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(*quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).  Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.  *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997).  Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim.  *Farmer,* 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence...").

### i.  *Inadequate Clothing and Cleaning Supplies*

Plaintiff contends that defendants failed to provide him with appropriate clothing for cold and rainy weather during his outdoor recreation activities.  As a result, he claims he suffered frostbite, hypothermia, chills, and colds.  Plaintiff also alleges that he was forced to live in unsafe and unsanitary conditions as defendants refused to provide him with proper cleaning tools and disinfectant for his living quarters which he claims resulted in rashes on his hands and other injuries.

Conditions of confinement claims such as these are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  As such, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs.  "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones." *Farmer*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811(1994)(quoting

*Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed. 2d 59 (1981)).  Prison officials must provide humane conditions of confinement, including adequate shelter. *Id.*

To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.  *Rhodes v. Chapman*, 452 U.S. at 347.  However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment.  *Id.*, *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

In the present case, plaintiff has not shown that the defendants acted with deliberate indifference.  At most plaintiff's claims show that he was uncomfortable for a period of time but do not show that he was deprived of a basic human need.  Plaintiff's complaint does not rise to the level of an Eighth Amendment violation and his claims should be dismissed.

### ii.   Denial of Food/Adequate Diet

Plaintiff states that from March 28, 2010, through April 4, 2010, he was denied adequate and proper nutrition as a means of punishment.  During this time, he also claims that he was denied kosher meals which forced him to alter the practice of his religion and go without food.

The facts alleged by the plaintiff fall short of establishing deliberate indifference on the part of the named defendants.  The deprivation of food constitutes cruel and unusual punishment in violation of the constitution if it denies an inmate the "minimal civilized measure of life's necessities."  *Wilson v. Setter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)(quoting *Rhodes*, at 347).  Documents filed in connection with this matter and from other suits filed by plaintiff show that he was not denied food, kosher or otherwise.  The response to one of plaintiff's grievances states:

> When sack meals are provided as an alternate menu service, the minimum contents will be one non-pork meat sandwich, one no flesh sandwich, one portion of fruit, and one beverage.  Our information indicates your behavior on March 28, 2010 []impeded staff from completing their tasks.  As such, you were provided alternative meals to ensure you could not continue to disrupt operations.  However, you refused alternative service.  Records show incident report number 1996316 was expunged because it did not support the code 208 and 307 charges.  This does not corroborate your claim that you did not obstruct the door wicket or impede staff from fulfilling their duties.  Alternative meals were provided until staff were reasonable [sic] assured you would remain cooperative.
>
> There is no evidence suggesting you were denied food.  Rather, evidence indicates you refused the meals offered.  The change to alternative meals was not a form of punishment, but in response to your conduct.

Doc. 10, att. 1, p. 3.  Another grievance response provides, "[a]s noted by the Regional Director, the meals served to you contained Kosher items and were consistent with the certified diet procedures and national policy."  Doc. 10, att. 1, p. 2.

Further, in another case that plaintiff filed in the Middle District of Pennsylvania numerous medical records from FCIO were attached as evidence.  It is well documented in that matter that plaintiff was on a hunger strike from March 31, 2010 through at least April 21, 2010.  *See Daley v. Pigos, et al.*, No. 1:11-cv-1713 (M.D. Pa.).

Plaintiff's claims do not show that he was denied the minimal civilized measure of life's necessities such that they amounted to a cruel and unusual punishment and his claims should be dismissed.

### B.  Retaliation

Plaintiff claims that as an act of retaliation defendant Micieli put him in a recreation cage with an inmate that attacked him.  According to plaintiff, this alleged retaliatory act was done because he reported Micieli's illegal actions to his supervisor.

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).  However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions."  *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).  "The inmate must allege more than his personal belief that he is the victim of retaliation."  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred."  *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Here, plaintiff's conclusory allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same and his claims should be dismissed.

### C.  *Falsified Documents/Due Process*

Plaintiff claims that on March 28, 2010, defendants Kizziah and Micieli falsified documents resulting in the suspension of his rights/privileges as well as placement on a reduced calorie diet for seven days.  He also claims that Kizziah and Micieli denied him the opportunity

to advance through certain prison programs.  These claims do not state a claim of constitutional dimension unless the punishment imposed against the plaintiff subjected him to an atypical and significant deprivation (evaluated in the context of prison life) in which a state might conceivably have created a liberty interest for the benefit of the inmate.  *Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff has alleged no such deprivation in his broad allegation that he lost privileges and rights.  Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause.  *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir.2000). Plaintiff has not demonstrated that the punishments he received (loss of privileges/rights), "impose[ ] atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.  *See also Landor v. Lamartiniere*, 515 F. App'x 257 (5th Cir. 2013)(unpublished).

Plaintiff's allegations concerning allegations of false documentation fail to state a claim upon which relief can be granted and should be dismissed.

### Conclusion

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 21st day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE