RECEIVED
IN LAKE CHARLES, LA.

NOV 17 2014

TONY R. MOORE, CLERK
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| DAMEON DALEY, | * | CIVIL ACTION NO. 2:11-cv-2010 |
|---|---|---|
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| J. MICIELI, ET AL., | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

*****************************************************************

## MEMORANDUM RULING

Before the court is the Report and Recommendation [Doc. 14] of the Magistrate Judge, to which the plaintiff, Dameon Daley ("Daley") has filed no objections. For the following reasons, the Report and Recommendation [Doc. 14] is **AMENDED, IN PART,** and **AFFIRMED,** as amended.

## FACTS & PROCEDURAL HISTORY

The court herein adopts the factual findings set forth by the Magistrate Judge.[1] Among his litany of complaints, Daley alleges that he was provided with inadequate clothing while being forced to attend outdoor recreation activities.[2] Daley asserts that as a result of being inadequately clothed, he suffered "frostbite, hypothermia, chills, and colds, and was otherwise injured and suffered great pain of body and mind."[3]

Daley filed a *Bivens* suit on November 11, 2011, and alleged violations of his Eighth Amendment rights.[4] The complaint was originally dismissed as being outside the statute of limitations, but the case was reopened in 2013 after Daley successfully argued that his time to

---

[1] *See* Report and Recommendation [Doc. 14], at 2-3.
[2] Compl. [Doc. 1] ¶ 3.
[3] *Id.*
[4] *Id.*

1

bring suit had not yet expired due to equitable tolling.[5] On May 22, 2014, the Magistrate Judge recommended that the plaintiff's complaint be dismissed, with prejudice, as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[6]

## LAW & ANALYSIS

The court must accept the plaintiff's allegations as true in determining whether a complaint is frivolous or fails to state a claim. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); and *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir.) (failure to state a claim). The initial inquiry in a *Bivens* claim such as Daley's is whether there was a constitutional violation. *See Hessbrook v. Lennon,* 777 F.2d 999, 1005 (5th Cir. 1985).

There are two components of an Eighth Amendment violation: (1) the deprivation alleged must be sufficiently serious; and (2) the prison official must have acted with deliberate indifference. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); and *Farmer v. Brennan,* 511 U.S. 825, 836 (1994).

### I.   Seriousness of Deprivation Alleged

A deprivation is sufficiently serious when it denies "the prisoner some basic human need." *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (citing *Farmer,* 511 U.S. at 834). "It is axiomatic that a prison official's failure to provide inmates relief from extreme temperatures may constitute an Eighth Amendment violation." *Ball v. LeBlanc,* 988 F.Supp. 639, 662 (M.D. La. 2013) (citing *Wilson,* 501 U.S. at 304 ("low cell temperature at night combined with a failure to issue blankets" could constitute an Eighth Amendment violation); *Smith v. Sullivan,* 553 F.2d 373, 381 (5th Cir. 1977) ("If the proof shows the occurrence of extremes of temperature that are likely to be injurious to inmates' health relief should be granted

---

[5] *See* Order on Mot. to Alter J. [Doc. 13].
[6] Report and Recommendation [Doc. 14], at 9.

. . . ."); and *Blackmon v. Garza,* 484 Fed.Appx. 866, 869 (5th Cir. 2012) (unpublished) ("Allowing a prisoner to be exposed to extreme temperatures can constitute a violation of the Eighth Amendment.")) (additional citation omitted).

In his complaint, Daley alleges that he suffered "frostbite, hypothermia, chills, and colds."[7] He attributes these injuries to exposure to "freezing temperatures and rainy conditions."[8] These assertions cannot be said to be "pure fantasy or based upon a legally inarguable proposition." *Eason v. Thaler,* 14 F.3d 8, 10 (5th Cir. 1994). Taking Daley's allegations as true, dismissal is inappropriate at this time. The factual sufficiency of Daley's claims will be tested at a later date.

## II.   Deliberate Indifference of Prison Officials

To be found liable under the Eighth Amendment, a prison official must know of and disregard an "excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Callicutt v. Anderson,* 48 Fed.Appx. 916 (5th Cir. 2002) (unpublished) (citing *Farmer,* 511 U.S. at 837). Negligence on the part of prison officials cannot form the basis of a claim for a violation of the Eighth Amendment. *Farmer,* 511 U.S. at 835.

Repeated refusal to provide adequate clothing after a prisoner complains of injury-causing adverse weather conditions is an arguable basis for a violation of the Eighth Amendment. Again, it cannot be said that such an allegation gives rise to "a legally inarguable position" on the issue of deliberate indifference. *Eason,* 14 F.3d at 10. Without examining the veracity of Daley's claims, he has stated a cognizable claim for violation of his rights under the Eighth Amendment. Accordingly,

---

[7] Compl. [Doc. 1] ¶ 3.
[8] *Id.*

**IT IS ORDERED** that the Report and Recommendation [Doc. 14] is **AMENDED, IN PART,** and as amended, **AFFRIMED.**

**IT IS FURTHER ORDRED** that all of Daley's claims, except the claim for violation of his Eighth Amendment rights arising of failure to adequately clothe him, be and hereby are **DISMISSED, WITH PREJUDICE,** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Lake Charles, Louisiana, this _11_ day of _November_, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE