UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMEON DALEY**  BOP # 03558-017 | : | **CIVIL ACTION NO. 2:11-cv-2010**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **J. MICIELI ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *Bivens* suit filed by *pro se* plaintiff Dameon Daley ("Daley"). Doc. 1. The cause of action arises from his time as an inmate in the custody of the federal Bureau of Prisons at the Federal Correctional Center in Oakdale, Louisiana. *Id.*

After initial review all but one of Daley's claims were dismissed with prejudice as frivolous and for failure to state a claim. Doc. 16. On June 17, 2015, this court directed Daley to serve the defendants named in the claim that had survived initial review. Doc. 17. There remains no record of service for any defendant named in this case, nor has the court received any further communication from Daley.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388–90. (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Therefore,

**IT IS RECOMMENDED** that Daley's remaining claim be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FED. R. CIV. P. Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 24th day of March, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE